# Henry E. Rudy's Appeal.

## Susanna Erb's Estate

A testamentary gift to a trustee "for the use of my daughter F., who is not capable to act for herself, and put the same to interest, or use the same himself at 5 per cent interest, as he may see fit, and keep, maintain the said F. during her life, or until she becomes, in the judgment of the said trustee, capable to act for herself, then, and in that case, the trustee may pay to her the said interest and of the principal,"—followed by a direction to pay the fund over to F. on her marriage and birth of a child, a limitation over on her death without issue and a direction to the trustee to "keep, support, and maintain, out of said trust fund, my said daughter F." until marriage, etc., or death—constitutes an active, continuing trust.

Such a trust is not affected by proceedings declaring the *cestui que trust* a lunatic, and the trustee cannot be required to pay over the income to the committee.

(Argued May 17, 1887. Decided October 3, 1887.)

January Term, 1887, No. 25, E. D., before MERCUR, Ch. J., GORDON, STERRETT, and CLARK, JJ. Appeal from the decree of the Orphans' Court of Lancaster County directing the payment of interest by a testamentary trustee to the committee of a lunatic. Reversed.

The facts are stated in the opinion.
The assignments of error specified the entry of the decree.

*Benjamin F. Davis,* for appellant.—In order to comply with the terms of the trust this trustee, appellant, must control the expenditures of the income.

The appointment of the committee does not devest his interest, since there is provision made in the will for receiving and applying the income. Royer v. Meixel, 19 Pa. 240; *Re* Wilson, 2 Pa. St. 325; Canaday v. Hopkins, 7 Bush, 108.

In the absence of an allegation that the appellant misapplied

NOTE.—The same determination is found in *Re* Wilson, 2 Pa. St. 325. If the intention of the testator appears to have been that the trustee should act only until the committee is appointed, the contrary is true. *Re* Earp, 2 Pars. Sel. Eq. Cas. 178.

the trust funds it must be taken to be the fact that he did not. Kellberg's Estate, 86 Pa. 129.

*Simon P. Eby,* for appellee.—The testatrix contemplated the application of the income of the trust fund to the support of the *cestui que trust.* She did not intend that it should accumulate in the hands of the trustee. Lunatics are to be regarded as infants in many respects. Where a legatee is an infant child of the testator, incapable of supporting himself and having no special means of support, interest will be allowed on the legacy, although the legacy is not payable until a future time. Magoffin v. Patton, 4 Rawle, 113; Seibert's Appeal, 19 Pa. 49; Clark v. Wallace, 48 Pa. 80.

The orphans' court is the proper tribunal to administer this trust. Leslie's Appeal, 63 Pa. 355; Wapples's Appeal, 74 Pa. 100.

OPINION BY MR. JUSTICE STERRETT:

There is nothing in the record to sustain the decree complained of. The testamentary provision made by Mrs. Erb for the benefit of her daughter is an active, continuing trust, unaffected by the proceedings in lunacy. The clauses of her will creating the trust are as follows: "And the other half or share I give and bequeath to the said Henry Rudy in trust for the use of my said daughter Fianna, who is not capable to act for herself, and put the same to interest, or use the same himself at 5 per cent interest, as he may see fit, and keep, maintain the said Fianna during her life, or until she becomes, in the judgment of the said trustee, capable to act for herself, then, and in that case, the trustee may pay to her the said interest and of the principal; and provided further that in case the said Fianna should marry and have lawful children born of her, immediately upon the birth of such child or children, the said trustee shall pay all such trust money, remaining in his hands at the time, unto my said daughter Fianna, her heirs and assigns, and not otherwise; and in default of such lawful children born of my said daughter Fianna, then, upon her death, the balance of said trust money I give to my son Henry Rudy, his heirs, and assigns.

"The said trustee shall keep, support, and maintain, out of said trust fund, my said daughter Fianna until marriage and a lawful child born to her, or her death, as hereinbefore directed."

In carrying out the provisions of the trust it is obviously necessary that the trustee should have the custody and control, not only of the *corpus,* but also of the interest or income arising from the trust property. To require appellant to pay the latter to the committee of the lunatic would deprive him of the only means he has of performing the active duties of the trust as contemplated by testatrix. It is not even alleged that he is mismanaging the trust property or refusing to apply the income in the manner directed by his mother's will.

In the absence of any evidence of either, the committee has no just reason to complain.

Decree reversed and petition dismissed, at costs of appellee.